UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| NIKI ALEESE KANE, a/k/a NIKI ALEESE CLARK,<br><br>    Plaintiff,<br><br>  v.<br><br>RANDEE BARE, as personal representative for THE ESTATE OF ROBERT LEROY KANE, et al.,<br><br>    Defendants. | CASE NO. C10-5567BHS<br><br>ORDER GRANTING PLAINTIFF'S MOTION FOR REMAND |

This matter comes before the Court on Plaintiff Niki Aleese Kane, a/k/a Niki Aleese Clark's ("Clark") motion for remand (Dkt. 8). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby grants the motion for the reasons stated herein.

**I. PROCEDURAL AND FACTUAL HISTORY**

On July 13, 2010, Clark filed her first amended complaint against Defendants in this matter in Clark County Superior Court. Dkt. 3-1 at 3-6. Clark's complaint alleges claims against Defendant Randee Bare ("Bare"), as personal representative for the estate of Robert Leroy Kane ("Kane") for assault and battery. Dkt. 3-1 at 37. Clark's complaint alleges claims against Defendants State of Washington acting by and through the Department of Health and Human Services ("DSHS") and certain DSHS employees (collectively "DSHS Defendants") for negligent investigation, negligent placement,

ORDER - 1

negligent supervision, negligent hiring and/or retention, and violation of civil rights under 42 U.S.C. § 1983. *Id*. at 37-40.

Bare was served with the complaint on July 19, 2010. Dkt. 2, Exh. A. DSHS Defendants sent a certified letter to Bare dated July 19, 2010, notifying her of their intent to remove the action and requesting her consent to the removal. *Id*. According to the receipt received by DSHS Defendants, Bare received the letter on July 22, 2010. *Id*. On July 22, 2010, a person identifying herself as Bare left a voicemail for counsel for DSHS Defendants which stated "I am not interested in moving the case anywhere. I was advised to just keep it where it's at." Dkt. 2, Exh. B. Counsel for DSHS Defendants sent two letters to Bare to confirm her opposition to removal, to which there was no response. Dkt. 2, Exhs. C & D. Counsel for DSHS Defendants has not received any further correspondence from Bare following the July 22, 2010 voicemail. Dkt. 2.

On August 12, 2010, Defendants filed a notice of removal based on federal question jurisdiction pursuant to 28 U.S.C. § 1331. Dkt. 1. On August 16, 2010, Clark filed a motion to remand. Dkt. 8. On August 18, 2010, Defendants filed a response to the motion (Dkt. 10) and Clark did not reply.

## II. DISCUSSION

The rule of the Ninth Circuit is that "[a]ll Defendants must join in a removal petition with the exception of nominal parties." *Hewitt v. City of Stanton*, 798 F.2d 1230, 1232 (9th Cir. 1986) (citing 28 U.S.C. § 1446). "A defendant is a nominal party where his role is limited to that of a stakeholder or depositary." *Id*. at 1233.

Clark seeks remand of this action to state court based on DSHS Defendants' failure to obtain Defendant Kane's consent to the petition for removal through Bare, the personal representative of his estate. Dkt. 8. DSHS Defendants concede that they did not obtain Bare's consent. Further, DSHS Defendants do not argue that Kane is a nominal party. Rather, DSHS Defendants maintain that Clark's claim against Kane is separate and independent from the claims brought against them, and therefore, Bare's consent was

not necessary to the removal as the Court has the discretion to remand the claim against Kane. Dkt. 10.

The Court concludes that this action should be remanded to the state court in which it was filed. DSHS Defendants request the Court to circumvent the consent requirement by allowing them to remove their claims and remand the claim against the party from whom they failed to obtain consent. Dkt. 10 at 4-6. DSHS Defendants cite no controlling authority for this proposition. *See id*. The Seventh Circuit case cited by DSHS Defendants is inapposite as it discusses concern over a situation where a plaintiff could bring an entirely unrelated cause of action for the sole purpose of precluding removal of other claims. *Bernstein v. Lind-Waldock & Co.*, 738 F.2d 179, 183 (7th Cir. 1984). In addition, the Seventh Circuit's opinion on the issue is dicta, as the court stated that it need not reach the issue of consent of all parties because it concluded that all of the defendants in the action consented to the removal. *Id*. Here, Clark's entire suit is centered on the actions of Kane, and it is clear that he was not joined as a party for the purpose of evading removal of the case to federal court. *See* Dkt. 3-1 at 37-40. Moreover, it appears to the Court that such disregard of the Ninth Circuit's consent rule would be improper.

### III. ORDER

Therefore, it is hereby **ORDERED** that Clark's motion for remand (Dkt. 8) is **GRANTED** and this action is **REMANDED** to the state court in which it was originally filed.

DATED this 13th day of October, 2010.

BENJAMIN H. SETTLE
United States District Judge